**166**

Claude PARRISH, Respondent, Plaintiff,

v.

Phillip VAN NORMAN, Defendant,

and

Mary R. Pratt, Appellant.

No. 24735.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1968.

Rehearing Denied Feb. 3, 1969.

Charles C. Shafer, Jr., Kansas City, for appellant.

Don Witt, Platte City, for respondent.

JAMES W. BROADDUS, Special Commissioner.

In this case Claude Parrish, plaintiff below, obtained a judgment in a Clay County Magistrate court against Phillip Van Norman, defendant below. Thereafter, defendant Van Norman filed his appeal from the Magistrate court and a recognizance bond in the amount of $1800 was executed by the defendant Van Norman and by appellant, Mary R. Pratt, as surety.

Upon defendant's application for a change of venue the cause was transferred to the Circuit Court of Platte County. On May 25, 1965, the case went to trial and the jury returned a verdict in favor of plaintiff Parrish in the sum of $890. Judgment was entered on said verdict against defendant Van Norman, but not against the surety, Mary R. Pratt.

Thereafter, on July 19, 1965, plaintiff Parrish filed his "Motion to Recover on Supersedeas Bond." In that motion he alleged that on March 16, 1961, he recovered in the Magistrate Court of Clay County, a judgment against the defendant Van Norman, as a result of an action on a promissory note; that thereafter defendant appealed to the Circuit Court of Clay County and thereafter defendant was granted a change of venue to the Circuit of Platte County; that on March 24, 1961, at the request of said defendant, Mary R. Pratt became surety on a supersedeas bond, a copy of which, marked "Exhibit A", was attached and made a part of said motion; "that on the 25th day of May, 1965, said judgment appealed from was affirmed by the said Circuit Court of Platte County with a judgment for $890 plus costs; that

the said defendant Van Norman has failed to pay any portion of the judgment rendered against him by said courts; that surety is not a resident and maintains no office in the county." The motion prayed the court to enter judgment against Mary R. Pratt as surety for the sum of $890 and costs.

Thereafter, on September 7, 1965, the above motion was taken up and the Court found that the allegations of the motion were true and that due notice had been given to said Mary R. Pratt, and adjudged her liability to be $890 plus costs and ordered that execution issue for said amount.

Thereafter, on April 19, 1966, appellant Mary R. Pratt filed her motion to set aside the judgment. And on August 5, 1966, she also filed a motion to quash the execution which had been issued. Both of these motions were overruled and this appeal followed.

■ Appellant thus states her contention: "The trial Court never obtained jurisdiction over the appellant within time to render a personal judgment against her."

Appellant points out that the judgment against the defendant Van Norman was rendered on May 25, 1965 and that "the trial court entered no judgment of any type against the appellant until September 7, 1965." She cites Civil Rule 75.01, V.A.M.R., which reads as follows:

"The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time."

Appellant then asserts that since the trial court entered no judgment against her (as it could have done under the provisions of Sec. 512.320, V.A.M.S.) "until after the expiration of the 30 day period, he had no power whatsoever to amend, modify, or change the judgment. As a consequence, he had no jurisdiction over the appellant."

Contrary to appellant's contention, the trial court did have jurisdiction over appellant by virtue of Civil Rule 82.11, which reads as follows:

"By entering into a supersedeas bond, the surety submits himself to the jurisdiction of the trial court and his liability may be enforced on motion for judgment thereon, without the necessity of an independent action. A copy of the motion, and such additional notice of the motion as the court requires, shall be served like a summons upon a surety who resides and can be found in the county where the judgment was entered, or who maintains an office and agent in said county where and upon whom such service may be made. If the surety is not a resident who can be found in said county, or if he maintains no office and agent for service there, at the time such motion is filed, by entering into such bond he shall be deemed to have irrevocably appointed the clerk of the trial court his agent upon whom any papers affecting his liability on the bond may be served; and the clerk shall forthwith mail copies of any such papers to such surety to his last known address, by registered mail." This Rule contains the exact language as found in Sec. 512.100 V.A.M.S.

Plaintiff complied in every respect with the requirements of the above Rule.

■ The trial court did not undertake to reopen, correct, amend or modify its judgment of May 25, 1965. Thus Civil Rule 75.01, upon which appellate relied, has no application in the instant case. The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMÉS W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.